IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD O'BRIEN,

               Plaintiff,

vs.                                Case No. 12-4022-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

               Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

2

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On September 23, 2010 administrative law judge (ALJ) Christine A. Cooke issued her decision (R. at 24-33). Plaintiff alleges that he has been disabled since November 17, 2008 (R. at 24). Plaintiff is insured for disability insurance benefits through December 31, 2012 (R. at 26). At step one, the ALJ

found that plaintiff has not engaged in substantial gainful activity since the alleged onset date (R. at 26). At step two, the ALJ found that plaintiff had the following severe impairments: status post cervical laminectomy; degenerative disc disease; and status post rotator cuff tear (R. at 26). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 26). After determining plaintiff's RFC (R. at 27), the ALJ determined at step four that plaintiff is unable to perform past relevant work (R. at 31). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform (R. at 32-33). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 33).

**III. Did the ALJ provide a legally sufficient explanation, as required by SSR 96-8p, for rejecting some of the opinions expressed by Dr. Ramburg, a treating physician?**

According to SSR 96-8p:

> The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

1996 WL 374184 at *7. Dr. Ramburg indicated that he had treated plaintiff approximately every three months for 15 years (R. at 30, 925). Among his opinions was this answer to the following question:

5

>     Question # 13: How often during a typical
>     workday is your patient's experience of pain
>     or other symptoms severe enough to interfere
>     with attention and concentration needed to
>     perform even simple work tasks?
>
>     Answer:  Never
>              Rarely
>              Occasionally
>              **Frequently-X**
>              Constantly

(R. at 926, emphasis added). The ALJ acknowledged this answer by Dr. Ramburg (R. at 30). The only reference that the ALJ made to the weight accorded to this opinion is as follows:

> The RFC has made provisions for the
> claimant's ongoing back impairment, his neck
> and shoulder pain, as well as any attention
> and concentration difficulties that may
> result from medication side effects and
> possible depression.

(R. at 31). In his RFC findings, the only mental limitation made by the ALJ was as follows:

> Mentally, claimant can never be expected to
> understand, remember, or carry out detailed
> instructions.

(R. at 27).

Clearly, the ALJ's RFC assessment conflicts with the opinion of Dr. Ramburg. However, the ALJ failed to explain why the opinion of Dr. Ramburg was not adopted. The ALJ did not cite to any evidence which contradicted or disputed this opinion by Dr. Ramburg, and the ALJ failed to provide any rationale for not including this opinion in his RFC findings for the

6

plaintiff.  Because of the ALJ's failure to comply with the clear requirement of SSR 96-8p regarding this opinion by Dr. Ramburg, this case shall be remanded in order for the ALJ to comply with SSR 96-8p.

When this case is remanded, the ALJ should, consistent with SSR 96-8p, also explain why other opinions of Dr. Ramburg were not adopted, including his opinion that plaintiff could only sit for 4 hours a day and stand/walk for 4 hours a day (R. at 927). The ALJ, without explanation, found that plaintiff could sit, stand or walk for 6 hours each out of 8 hours a day (R. at 27). If the ALJ decided to greater weight to the state agency assessments on this issue, the ALJ must provide specific, legitimate reasons for rejecting the treating source opinion in favor of an opinion from a non-examining medical source.  <u>Chapo v. Astrue</u>, 682 F.3d 1285, 1291 (10th Cir. 2012).  The ALJ simply made a conclusory statement that the assessment by Dr. Siemsen "is more consistent with the record as a whole" (R. at 31). However, the ALJ failed to explain why the opinions of Dr. Siemsen were more consistent with the record as a whole.  Such a conclusory explanation fails to provide either a specific or a legitimate reason for rejecting the opinion of Dr. Ramburg on this issue.[1]

---

[1] Defendant also argues that any error on this issue is harmless error (Doc. 15 at 5-6).  However, because this case is being remanded in light of the error noted above, the court will not address the issue of harmless error.

On remand, the ALJ should also explain why he is not adopting other opinions of Dr. Ramburg. This would include his opinion that plaintiff would miss more than four days per month (R. at 928).

**IV. Does the record contradict the ALJ's statement regarding impairment of the circulatory system?**

In his decision, the ALJ stated the following regarding the opinion of Dr. Ramburg:

> As to the doctor's opinion that claimant would need to elevate his legs for 2 hours during an 8-hour workday, there is no evidence that claimant has any impairment of the circulatory system or the heart which would require such a measure.

(R. at 31). On March 5, 2010, Dr. Ghose stated that because of venous insufficiency, plaintiff would need to keep his legs elevated for 10 minutes every 4 hours (R. at 754). Plaintiff cites to no evidence that plaintiff's impairment of the circulatory system would require that plaintiff would need to keep his legs elevated for 2 hours during an 8-hour workday. For this reason, the court finds no error by the ALJ in his analysis regarding this limitation.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

8

Dated this 7th day of February, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge